UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON KOSHER,  
    Plaintiff

vs

BUTLER COUNTY JAIL, et al.,  
    Defendants

Case No. 1:12-cv-51

Weber, J.  
Bowman, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

    Plaintiff, an inmate at the Butler County Jail in Hamilton, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490

U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against the Butler County Jail and Dr. Abdullah, a physician who works at the jail. Plaintiff essentially alleges that defendants have been deliberately indifferent to his serious medical needs since November 26, 2011, when he "collapsed to the ground with chest pains" and high blood pressure and discovered a "lump" on his side, which has tripled in size and is extremely painful. (*See* Doc. 5, pp. 5-9). Plaintiff claims that defendants have refused to provide any medical treatment for his worsening condition. (*Id.*). As relief, plaintiff requests damages for his "pain and suffering" and equitable relief in the form of an order requiring defendants to treat his medical condition.

In order to state a claim for relief under 42 U.S.C. § 1983 concerning a denial of medical care, the plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. The

plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury.  *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106.  Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983.  *Westlake*, 537 F.2d at 860-61 n.5.

Construing the complaint liberally, the Court concludes that plaintiff has stated a viable claim for relief under the Eighth Amendment against defendant Dr. Abdullah.  That claim is deserving of further development and may proceed at this juncture.  *See* 28 U.S.C. § 1915(e)(2)(B).

However, plaintiff has not stated an actionable claim against defendant Butler County Jail.  Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983.   A county jail is not a "person" within the meaning of § 1983.  *See, e.g.*, *Marbry v. Corr. Med. Services,* No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09cv398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2012 WL 529585 (S.D. Ohio February 17, 2012) (Barrett, J.); *Mischer v. Cuyahoga Cnty. Jail*, No. 1:11cv1201, 2011 WL 4529331, at *2 (N.D. Ohio Sept. 28, 2011).  *Cf. Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir. 1991) (holding that the Sheriff's Department "is not a legal entity subject to suit" under § 1983).

Even assuming plaintiff's complaint may be construed as asserting a claim against Butler County itself, plaintiff's allegations still fail to state a claim upon which relief may be granted.  Governmental entities cannot be held responsible for a constitutional deprivation unless there is

a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *See Monell v. Dep't of Soc. Services,* 436 U.S. 658, 692 (1978); *see also Petty v. Cnty. of Franklin, Ohio,* 478 F.3d 341, 344 (6th Cir. 2007); *Marbry, supra*, 2000 WL 1720959, at *2; *Aladimi, supra*, 2012 WL 292587, at *7; *Mischer, supra*, 2011 WL 4529331, at *2. To state a claim for relief, the plaintiff must "identify the policy, connect the policy to the [municipal or local governmental entity] . . . and show that the particular injury was incurred because of the execution of that policy." *Aladimi, supra*, 2012 WL 292587, at *7 (quoting *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw,* 358 F.3d 377, 383 (6th Cir. 2004)). No such allegations appear in plaintiff's complaint.

Accordingly, plaintiff's complaint against the Butler County Jail should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because plaintiff has not stated an actionable § 1983 claim against that defendant. *Cf. Mischer, supra*, 2011 WL 4529331, at *2 (dismissing complaint against county jail at screening stage).

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against the Butler County Jail be **DISMISSED** for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. In accordance with the Deficiency Order filed on January 27, 2012 (*see* Doc. 2), plaintiff must submit a current summons form and a United States Marshal form for defendant Dr. Abdullah within **thirty (30) days** of the date of this Order. Once the Court receives a summons and United States Marshal form for Dr. Abdullah, the Court will order service of

process by the United States Marshal.

2. The Clerk of Court is **DIRECTED** to send to plaintiff a summons and United States Marshal form for this purpose.

3. Plaintiff shall serve upon defendant Dr. Abdullah or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

>	/s/ *Stephanie K. Bowman*
>	United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JASON KOSHER,<br>    Plaintiff | Case No. 1:12-cv-51 |
| | Weber, J. |
| vs | Bowman |
| | |
| BUTLER COUNTY JAIL, et al.,<br>    Defendants | |

       Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).