UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON KOSHER,

    Plaintiff,

vs.

BUTLER COUNTY JAIL, et al.,

    Defendants.

Case No. 1:12-cv-51

Weber, J.
Bowman, M.J.

## Report and Recommendation

Plaintiff Jason Kosher, proceeding *pro se,* filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By a March 5, 2012 Order granting leave to proceed *in forma pauperis*, this Court notified Plaintiff that he must promptly inform this Court of any address change occurring during the pendency of this lawsuit. (Doc. 6). Despite that Order, the record reflects that several Orders mailed to Plaintiff at 1 Dunham Plaza, Middletown, Ohio 45044 have been returned to the Court as undeliverable.[1] (See. Docs 10, 17, 19, 20, 22).

On May 3, 2012 the Court ordered Plaintiff to Show Cause as to why this action should not be dismissed for lack of prosecution. (Doc. 16). The Order was sent to Plaintiff by certified mail and was returned to the Court as undeliverable. (Docs. 19, 20). Upon careful inspection of the docket in this matter, the Court discovered a pleading indicating Plaintiff may have an alternative address located at 8 Telford Court, Hamilton,

---

[1] Plaintiff's complaint indicates he is currently incarcerated at the Butler County Jail. Plaintiff's address of record is the Middletown Jail. The Court can only assume that Plaintiff was transferred from the Middletown Jail to Butler County Jail (or vise versa) at some point.

1

OH 45011. (*See* Doc. 21 at 4). Out of abundance caution and in the interests of justice, prior to recommending that this matter be dismissed for lack of prosecution, the Court made another attempt to serve its previous Show Cause Order upon Plaintiff. (Doc. 22). On May 25, 2012, both the previous Show Cause Order and an additional Order were sent to Plaintiff's potential alternative address. (Doc. 22). The additional Order sent to Plaintiff stated in relevant part:

> "[W]ithin ten (10) days of the date of this Order, Plaintiff shall: (1) show cause, in writing, stating why this Court should not dismiss this case for failure to obey a Court order and for lack of prosecution; and (2) provide the Court with his current address. Failure to comply with the terms of this order shall result in a Report and Recommendation to the District Court that the action be dismissed."

(Doc. 22). The Orders sent to Plaintiff on May 25, 2012 were also returned to the Clerk as undeliverable. (Doc. 24).

The Court has made multiple attempts to contact the Plaintiff at two separate addresses. It is incumbent upon any litigant, including a *pro se* litigant, to keep the Court informed of his or her current address. *See Barber v. Runyon,* No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (explaining *pro se* litigants have a duty to supply the court with notice of any and all changes in address) (citations omitted). Although some latitude may be extended to *pro se* litigants "…dealing with sophisticated legal issues…there is no cause for extending this margin to straightforward procedural requirements that layperson[s] can comprehend as easily as a lawyer[s]." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). In order to preserve a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special

consideration" when they fail to adhere to readily-comprehended court deadlines. *See Id.* at 110.

Under rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or comply with the rules or order of the court…" Fed. R. Civ. P. 41(b). Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). "[I]t has long been recognized that this rule authorizes a district court's *sua sponte* dismissal of an action." *Overstreet v. Roane County Bd. of Educ.*, No. 3:08-cv-401, 2008 WL 5234044 at *1 (E.D. Tenn. Dec. 12, 2008) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-31 (1962)).

Without such basic information as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute. *See, e.g., Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608-609 (6th Cir. 1992) (dismissal upheld in part due to counsel's failure to advise the court of change of address); *Torrance v. Aspirecard.com Inc.*, No. 1:09cv645, 2010 WL 3782167 at *1 (S.D. Ohio Sep. 28, 2010) ("[b]y failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.") (citations omitted); *Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009) (dismissal of *pro se* plaintiff).

In light of the Court's numerous attempts to contact Plaintiff at two separate addresses, and Plaintiff's failure to keep this Court apprised of his current address, **IT IS RECOMMENDED HEREIN THAT** Plaintiff's complaint be **DISMISSED with prejudice** under rule 41(b) of Federal Rules of Civil Procedure, for failure to prosecute. This case should be dismissed from the active docket.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON KOSHER,

    Plaintiff,

BUTLER COUNTY JAIL, et al.,

    Defendants.

Case No. 1:12-cv-51

Weber, J.
Bowman, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within FOURTEEN (14) DAYS of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within FOURTEEN (14) DAYS after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).